IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LaVanya DeLaney ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No.: 07 C 5785 |
| v. ) | |
| ) | Suzanne B. Conlon, Judge |
| Michael Chertoff, Secretary, Department of ) | |
| Homeland Security ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM OPINION AND ORDER**

LaVanya DeLaney, an African-American woman, has worked for the United States Customs Service, now part of the Department of Homeland Security ("DHS"), since 1988. Over the years, she was promoted from import specialist (GS-7) to operations specialist (GS-13), her most recent promotion in January 2007. Between October 2004 and August 2005, she was not selected for three separate job openings. Each position would have constituted a promotion from the GS-12 level to the GS-13 level. DeLaney alleges DHS failed to promote her due to race discrimination (Count I), gender discrimination (Count II), and retaliation (Count III) in violation of Title VII of the Civil Rights Act of 1964. DHS moves for summary judgment on all claims. For the reasons stated below, the motion is granted.

**I. Local Rule 56.1**

Local Rule 56.1 requires litigants to follow a detailed procedure in filing and responding to summary judgment motions. The rule requires both the moving and non-moving parties to submit statements of material facts consisting of short, numbered paragraphs supported by specific evidentiary references. Local Rule 56.1(a)(3); Local Rule 56.1(b)(3). Evidence

submitted at summary judgment must represent evidence admissible at trial under the Federal Rules of Evidence. *See Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). All facts not properly supported by the record evidence must be disregarded. *See Brasic v. Heinemann's Inc.*, 121 F.3d 281, 284 (7th Cir. 1997).

DeLaney disregards these rules by relying on inadmissible statistics and prior bad acts in her statement of additional facts. DeLaney's statistics include a workplace profile consisting of 31 import specialists and four supervisory import specialists. Pl. Add. Facts Ex. 16. The proffered statistics also include demographic information concerning 15 promotions made between December 2002 and October 2005. *Id.* DeLaney's statistics have two major flaws. First, she does not provide any information regarding the applicant pool. Without applicant pool information, statistics are irrelevant to the issue of discrimination. *See Hague v. Thompson Distribution Co.*, 436 F.3d 816, 829 (7th Cir. 2006) (citation omitted) (without applicant information, a list of promotion decisions is "next to worthless"); *see also Ibarra v. Martin*, 143 F.3d 286, 291 (7th Cir. 1998) (hiring statistics without applicant information "tell us nothing about the presence or absence of discriminatory practices"). Second, there were only 15 promotion decisions, which calls into question the reliability of the data. *See Parker v. Federal Nat. Mortgage Ass'n*, 741 F.2d 975, 980 (7th Cir. 1984) (statistical evidence involving 12 employees untrustworthy for lack of breadth). A small sample group significantly raises the possibility that any disparity is due to chance. *Id.* DeLaney's statistics lack sufficient foundation or reliability, and therefore are inadmissible.

DeLaney relies on an administrative law judge's finding that Anne Lombardi, former Director of Field Operations for the Port of Chicago, retaliated against another African-

American employee. Pl. Add. Facts at ¶ 8. Lombardi was the recommending official for the three positions at issue. Other acts evidence may be relevant and admissible in discrimination cases to prove intent or pretext. *Manuel v. City of Chicago*, 335 F.3d 592, 596 (7th Cir. 2003). However, retaliation evidence involving another employee may not be used to establish a propensity to discriminate against DeLaney. *See* Fed.R.Evid. 404(b); *Gastineau v. Fleet Mortg. Corp.*, 137 F.3d 490, 494 (7th Cir. 1998). The administrative law judge's ruling is inadmissible for the purpose of showing Lombardi's purported propensity to discriminate against African-American employees. Fed. R. Evid. 404(b).

## II. Background

The following facts are undisputed. Lombardi, a white woman, served as the recommending official for each of the three promotions DeLaney sought from 2004 to 2005. Def. Facts at ¶¶ 19, 30, 43. In June 2003, Lombardi promoted DeLaney to team leader (GS-12). *Id.* at ¶ 7. Fifteen months later, DeLaney applied for a promotion from import specialist team leader (GS-12) to supervisory import specialist (GS-13). DeLaney was placed on the best-qualified list along with two other women. Def. Facts at ¶ 12. Lombardi recommended Marlene Gothelf, a white woman, for the position. *Id.* at ¶ 17. Gothelf had been a team leader (GS-12) for 11 years and had the highest qualification rating for the GS-13 position. *Id.* at ¶ 18; Def. Facts Ex. A at 70. Additionally, Richard Roster, the Port Director, and Robert Lehman, the Assistant Port Director, both recommended Gothelf. Def. Facts at ¶ 18; Pl. Add. Facts Ex. 9 (Lehman Summary); Pl. Add. Facts Ex. 2 (Roster Dep.) at 18. In making his recommendation, Lehman marked up Gothelf's application, but did not similarly mark up DeLaney's application. Pl. Add. Facts at ¶ 20. Lehman provided Roster with a summary; Roster agreed with Lehman's

3

summary. Pl. Add. Facts Ex. 9 (Lehman Summary). Gothelf received the promotion based on Lombardi's recommendation. Def. Facts at ¶¶ 17, 19. DeLaney was notified in April 2005 and immediately filed charges for race and sex discrimination with the Equal Employment Opportunity Office. Def. Facts at ¶ 16.

In July 2005, DeLaney testified on behalf of Victoria Drummond-Irving in another proceeding against Lombardi. Pl. Add. Facts at ¶ 4; Pl. Add. Facts Ex. 10 (Bench Decision *Drummond-Irving v. EEOC*, No. 210-2004-00376X). Lombardi was charged with retaliating against Drummond-Irving. Pl. Add. Facts at ¶ 1.

On August 7, 2005, DeLaney applied for the position of mission support specialist (GS-12/13). She was one of 11 candidates. Def. Facts at ¶ 28. Lombardi recommended Bonita Hooks, an African-American woman. *Id.* at ¶ 31. Hooks had been a program manager (GS-13) for five years. *Id.* at ¶ 29. Lombardi's recommendation was based on the need for a candidate who had demonstrated performance at the GS-13 level. *Id.* at ¶ 32. Hooks was the only candidate who had prior GS-13 experience. *Id* at ¶¶ 29, 32. Additionally, Hooks was already performing the duties of a mission support specialist on a temporary basis. *Id.* at ¶¶ 29, 32.

Shortly after applying for the mission support specialist position, DeLaney applied for the position of operations specialist (GS-12/13). She was one of four candidates under consideration. *Id.* at ¶ 40. One candidate, Larry DiGiannantonio, a white male, had been at the GS-13 level for five years. *Id.* at ¶ 41. The other candidates were African-American women; all three were GS-12 level employees. *Id.* at ¶ 40. Lombardi recommended DiGiannantonio. *Id.* at ¶ 45. Lombardi was familiar with his work and wanted to fill the vacancy with a GS-13 level employee. *Id.* DeLaney amended her EEOC charge to include the two additional positions and

4

retaliation. In June 2007, the EEOC denied DeLaney's claims. This case followed.

## DISCUSSION

### I. Summary Judgment

Summary judgment is proper if the record shows no genuine issue as to any material fact and if the record shows the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Adelman-Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 665 (7th Cir. 2007). A genuine issue of material fact exists when, in viewing the record and all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, (1986); *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995). The movant has the burden of establishing there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the non-movant must set forth specific facts demonstrating a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 324. The movant party is entitled to summary judgment if the non-movant party fails to make a sufficient showing of an essential element of her case, which she bears the burden of proving at trial. *Celotex*, 477 U.S. at 322; *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

### II. Gender Discrimination

DHS argues summary judgment is warranted on the gender discrimination claim because DeLaney cannot show either direct or indirect proof of discrimination. DeLaney fails to respond to DHS' arguments. A party's failure to address an argument in a summary judgment response is deemed a waiver. *See Roe-Midgett v. CC Servs., Inc.*, 512 F.3d 865, 876 (7th Cir. 2008) (undeveloped argument constitutes waiver); *Palmer v. Marion County*, 327 F.3d 588, 597-98

5

(7th Cir. 2003) (claims not addressed in a summary judgment opposition brief are abandoned). DeLaney waives argument on the gender discrimination claim by making no attempt to contest DHS' facts. *See McCready v. Title Services of Illinois, Inc.*, No. 06 C 6280, 2008 WL 2435933, at *3 (N.D. Ill. June 16, 2008) (Conlon, J.) (plaintiff waived argument on claim by failing to respond to summary judgment arguments). Even if DeLaney is not deemed to have waived the gender discrimination issue, the undisputed facts warrant summary judgment. The record is devoid of any evidence related to gender discrimination.

## III. Race Discrimination

DeLaney argues she can prove her non-promotions were due to race discrimination. To prevail on summary judgment, she may prove race discrimination under either the direct or indirect method. *Henry v. Jones*, 507 F.3d 558, 564 (7th Cir. 2007). Under the direct method, proof is not limited to direct evidence such as admissions by the decision maker, but includes circumstantial evidence suggesting discrimination through a chain of inferences. *Atanus v. Perry*, 520 F.3d 662, 671 (7th Cir. 2008).

Under the indirect method, DeLaney needs to establish a *prima facie* case of race discrimination. *Id.* at 672 (citation omitted). To establish a *prima face* case, DeLaney must show: (1) she belongs to a protected class; (2) she performed her job to expectation; (3) she suffered an adverse employment decision; and (4) similarly situated employees not in the protected class were treated more favorably. *Id.* at 672-73. If DeLaney can establish a *prima facie* case of race discrimination, the burden shifts to DHS to rebut the presumption. *Henry*, 507 F.3d at 564. If DHS succeeds in rebutting the presumption, the burden shifts back to DeLaney to show that DHS' reasons were a pretext for race discrimination. *Id.*

## A. Direct Method

DeLaney argues circumstantial evidence provides proof that she was not selected for the three positions because of racial animus. Circumstantial evidence may be used to create a convincing mosaic showing discriminatory intent. *Phelan v. Cook County*, 463 F.3d 773, 779-80 (7th Cir. 2006) (citation omitted). DeLaney must show a rational trier of fact could reasonably infer from the circumstantial evidence that she was not promoted because she is African-American. *Id.* at 780. The circumstantial evidence must clearly link the adverse action with race discrimination. *Ptasznik v. St. Joseph Hosp.*, 464 F.3d 691, 695 (7th Cir. 2006) (citation omitted). DeLaney has not offered sufficient circumstantial evidence to support her allegation that race motived the promotional decisions.

DeLaney argues Drummond-Irving's EEOC action against Lombardi shows that Lombardi has a history of race discrimination. The only litigated charge by Drummond-Irving against Lombardi was retaliation. DeLaney does not adequately explain how another employee's retaliation charge relates to her own race discrimination claim. The fact that another employee charged Lombardi with retaliation has no probative value in determining whether Lombardi was acting out of racial animus by declining to promote DeLaney.

DeLaney also argues that her promotion to team leader (GS-12) shows racial animus. She alleges Lombardi attempted to have her name withdrawn from consideration. Pl. Resp. at 8 ("Lombardi lobbied against [DeLaney's] promotion to Team Leader"). DeLaney asserts Lombardi attempted to replace DeLaney with Drummond-Irving, who is also African-American. Pl. Resp. at 6. DeLaney's argument is undermined by the fact that Lombardi had the authority to select any candidate for team leader, whether or not DeLaney's name was withdrawn. *See* Pl.

7

Add. Facts Ex. 11 (Drummond-Irving Hearing) at 83-84. It is undisputed that Lombardi ultimately chose DeLaney. DeLaney's argument rests on pure speculation that Lombardi attempted to manipulate the positions to cover the hiring of a white applicant instead of Drummond-Irving. DeLaney's speculation will not withstand summary judgment. *See Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008) (a guess about the defendant's motive is insufficient to survive at the summary judgment stage). No reasonable interpretation of the facts supports an inference that Lombardi acted out of racial animus.

DeLaney relies on the review process for the supervisory import specialist position to prove race discrimination. Her reasoning is basically speculative. She points to the fact that Lehman highlighted Gothelf's application, but did not make notes on DeLaney's application. DeLaney finds fault with Lehman's typed summary and handwritten notes, which did not include some of DeLaney's experience. DeLaney points to the lack of independent verification of Gothelf's application. DeLaney does not assert that her own application was verified independently. DeLaney has not shown, beyond her own speculation, that the evaluation differences were race-related. The comments, highlighting, handwritten notes, and summary do not implicate race. *See* Pl. Add. Facts Ex. 7 (Gothelf Application); Pl. Add. Facts Ex. 8 (Lehman handwritten notes); Pl. Add. Facts Ex. 9 (Lehman Summary). There is no evidence in the record to support a reasonable inference that the evaluation decisions were based on anything but non-discriminatory qualifications. The court does not sit as a super-personnel department reviewing the soundness of promotional decisions. *Blise v. Antaramian*, 409 F.3d 861, 867 (7th Cir. 2005). Any deficiencies in the review process do not reasonably suggest that Lombardi made promotional decisions based on race. *See Hall v. Babb*, 389 F.3d 758, 764 (7th Cir. 2004)

8

(deficiencies in the selection process, such as not checking applicants' employment histories, do not suggest impropriety).

DeLaney's evidence falls far short of creating a convincing mosaic that Lombardi discriminated against her because she is African-American. *Phelan v. Cook County*, 463 F.3d at 779-80. She fails to present any evidence directly tying promotional decisions to racial animus. Accordingly, she has not established race discrimination under the direct method.

**B. Indirect Method**

DeLaney argues she has established a *prima facie* case for race discrimination under the indirect method. Failure to demonstrate any of the *prima facie* elements defeats a claim. *See Bio v. Federal Express Corp.*, 424 F.3d 593, 596 (7th Cir. 2005). DHS does not dispute that DeLaney has established the first three elements of a *prima facie* case for race discrimination. She is a member of a protected class, she performed her job according to expectation, and she was not promoted to GS-13. However, she cannot demonstrate that she was similarly situated to selected employees who were not members of her protected class.

To meet her burden of demonstrating that she was similarly situated, DeLaney must show she was directly comparable to the promoted applicants in all material respects. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 680 (7th Cir. 2002) (citations omitted). Courts look to the candidates' relevant qualifications, experience, and education. *Id.* The inquiry is flexible and the requirements vary based on the facts of the case. *Id.* DeLaney argues, without legal support, that her inclusion on the best qualified list equates to being equally qualified and similarly situated to Gothelf. To the contrary, applicants on the best qualified list were ranked independently and Gothelf had the highest qualification rating. *See* Pl. Add. Facts Ex. 1 (Lombardi Dep.) 97: 10-

15; Def. Facts Ex. A at 70. Additionally, DeLaney does not dispute that Gothelf had almost 10 more years of experience at the GS-12 level. Gothelf received recommendations from both Roster and Lehman. DeLaney does not even attempt to argue that she was similarly situated to Hooks and DiGiannantonio. Hooks and DiGiannantonio were already GS-13 employees, while DeLaney was at GS-12. In addition, Hooks, an African-American, was in the same protected class. By failing to establish she was similarly situated to Gothelf, Hooks and DiGiannantonio, DeLaney cannot set forth a *prima facie* case of race discrimination.

Even if DeLaney could establish a *prima facie* case of race discrimination, her claim would fail under the pretext inquiry. Lombardi selected Gothelf because of her experience as a team leader, her qualification rating, and her recommendations. Lombardi selected Hooks and DiGiannantonio based on their GS-13 status as well as their specific work experience. To rebut Lombardi's stated reasons for promoting other candidates, DeLaney must offer evidence to suggest that Lombardi herself did not believe in the reasons for not selecting DeLaney. *Burks v. Wis. Dep't of Transp.*, 464 F.3d 744, 754-55 (7th Cir. 2006) (citation omitted).

Instead of addressing whether Lombardi's asserted reasons for selecting other applicants have any basis in the record, DeLaney asserts that Lombardi is a liar. DeLaney's evidence consists of Lombardi's testimony regarding DeLaney's promotion to team leader. DeLaney contends Lombardi attempted to have DeLaney's name withdrawn from consideration. But the record does not support DeLaney's contention. Lombardi has testified consistently that she never asked for the withdrawal of DeLaney's name. *See, e.g.,* Pl. Add. Facts Ex. 12 (Lombardi Dep. Drummond-Irving) at 75-76 ("I was not saying take her name off the list"). Bald assertions, without factual support, will not defeat a summary judgment motion. *Smith v. Potter*, 445 F.3d

1000, 1009 (7th Cir. 2006) (citation omitted).

DeLaney repeats her argument regarding the allegedly deficient candidate evaluation process. As noted, deficiencies in the review process do not suggest that DHS made the hiring decisions based on race. *Hall*, 389 F.3d at 764.

DeLaney fails to establish race discrimination under both the indirect and direct methods. Because DeLaney fails to establish a claim, the court need not consider the DHS' assertion of a common actor presumption for Lombardi. DHS is entitled to summary judgment on DeLaney's race discrimination claim.

## IV. Retaliation

As with a claim of race discrimination, DeLaney may survive a motion for summary judgment by proving retaliation under the direct or indirect method. *Argyropoulos v. City of Alton*, 539 F.3d 724, 733 (7th Cir. 2008) (citation omitted). Under the direct method of proving retaliation, DeLaney must show she engaged in a protected activity, suffered an adverse action, and that a causal connection exists between her activity and the adverse action. *Id.*

The indirect method mirrors the *prima facie* requirements of proving discrimination, except DeLaney must show that she engaged in a statutorily protected activity instead of showing that she was in a protected group. *Id.*

### A. Direct Method

DeLaney argues that circumstantial evidence proves DHS' failure to promote was due to retaliation. However, she cannot show a causal connection between her EEOC activities and adverse promotion decisions To prove causation, she must show that Lombardi, Roster, or Lehman actually knew of her EEOC activity. *Luckie v. Ameritech Corp.*, 389 F.3d 708, 715 (7th

11

Cir. 2004) (employer must have actual knowledge of complaints to prove retaliation). DeLaney claims that she filed EEOC charges against Roster and Lehman. But she fails to provide any evidence that Lombardi, Roster, or Lehman knew of the charges. Lombardi, Roster, and Lehman testified that they had no knowledge of the charges. Pl. Add. Facts Ex. 2 (Roster Dep.) at 31-32; Pl. Add. Facts Ex. 3 (Lehman Dep.) at 26-27; Pl. Add. Facts Ex. 1 (Lombardi Dep.) at 65. DeLaney presents no evidence that she actually filed EEOC charges beyond her own statements. DeLaney cannot solely rely on her own self-serving affidavits, without factual support, to raise a material issue of fact concerning knowledge of her prior EEOC activities. *Potter*, 445 F.3d at 1009.

DeLaney points to her testimony in the Drummond-Irving matter. She fails to produce any evidence that Lombardi was aware of DeLaney's testimony. Lombardi denies seeing DeLaney at the hearing. It is not sufficient to assert that Lombardi could have or should have known about DeLaney's activities; Lombardi had to have actual knowledge for her decisions to be retaliatory. *Luckie*, 389 F.3d at 715. DeLaney's retaliation claim fails under the direct method.

### B. Indirect Method

DeLaney's retaliation claim also fails under the indirect method. As noted, DeLaney cannot establish that she was similarly situated to Gothelf, Hooks, or DiGiannantonio. Additionally, the indirect method presupposes that the employer knew of the protected activity. *Tomanovich v. City of Indianapolis*, 457 F.3d 656, 668-69 (7th Cir. 2006). Lombardi, Roster, and Lehman could not have retaliated against DeLaney if they did not know of her EEOC activity. *Id.* DeLaney has failed to show that Lombardi, Roster, or Lehman knew of her EEOC

12

activity. Accordingly, DeLaney cannot proceed under the indirect method.

Even if DeLaney could establish a *prima facie* retaliation case, her claim would fail under the pretext inquiry for the same reasons as her race discrimination claim. She fails to establish retaliation under both the direct and indirect methods.

## CONCLUSION

DeLaney has not offered evidence sufficient to establish a case of race discrimination, gender discrimination, or retaliation. She also fails to present any evidence that would support a reasonable inference that the stated reasons she did not receive three promotions were pretextual. DHS is entitled to judgment as a matter of law.

ENTER:

Suzanne B. Conlon
United States District Judge

October 30, 2008